IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JAMES RICE,

     Petitioner,   :   Case No. 1:17-cv-293

 - vs -          District Judge Timothy S. Black
              Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution,
              :

     Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 was brought by Petitioner James Rice with the assistance of counsel, seeking relief on speedy trial grounds from his convictions in the Hamilton County Court of Common Pleas. The Magistrate Judge recommended dismissing the Petition but the granting of a certificate of appealability ("Report," ECF No. 17). Both parties have objected (ECF Nos. 20, 21). Neither party has responded to the other party's Objections and the time for doing so has expired. District Judge Black has recommitted the case for reconsideration in light of the Objections (ECF No. 22).

**Petitioner's Objections**

The parties agree that the controlling U.S. Supreme Court precedent is *Barker v. Wingo*, 407 U.S. 514 (1972). The Ohio First District Court of Appeals was the last state court to issue a reasoned decision in the case and it expressly applied *Barker*, weighing each of the four factors

1

*Barker* makes relevant. *State v. Rice*, 2015-Ohio-5481, 57 N.E. 3d 84, 2015 Ohio App. LEXIS 5301 (1st Dist. Dec. 30, 2015); appellate jurisdiction declined 145 Ohio St. 3d 1460 (2016). The Report concluded the First District's weighing of those factors was not objectively unreasonable (Report, ECF No. 17, PageID 1978-79).

The four factors to be assessed under *Barker* are (1) length of delay, (2) reasons for the delay, (3) defendant's assertion of his speedy trial rights, and (4) prejudice to the defendant. *Barker,* 407 U.S. at 523, 530-31, 533. The First District concluded the first two factors weighed slightly in Petitioner's favor and Petitioner accepted that conclusion (Traverse, ECF No. 14, PageID . That is, he did not assert they should have weighed heavily in his favor.

**The Third Factor: Delay in Assertion of Speedy Trial Rights**

Rice first learned he was being charged with the offenses involved here on August 19, 2014, when he was arrested upon his release from prison on other charges. He filed his motion to dismiss on speedy trial grounds December 1, 2014. The First District found Rice bore some responsibility for this delay and weighed it "slightly" against him. *State v. Rice*, supra, § 27.

The Report concluded this was not an objectively unreasonable application of the third *Barker* factor (ECF No. 17, PageID 1975). Although the motion to dismiss had fifty-one pages of exhibits, most were public records and none were the result of independent investigation by trial counsel. *Id.*

Petitioner asserts in his Objections that it was objectively unreasonable to give any weight to the length of the delay (ECF No. 21, PageID 1994). First he says his three-month delay in moving to dismiss was far less than the State's eighteen month delay in charging. *Id.* While that is

true, *Barker* does not suggest that a significant delay by the State in bringing charges excuses a delay in asserting the speedy trial right. Rather, both factors are to be assessed separately and then weighed together with the other two. The appropriate question in habeas is whether the First District acted unreasonably in assessing some responsibility to Rice for his delay in asserting the speedy trial right. Its reasons for doing so are cogent and supported by the record

Petitioner also objects that "the Magistrate Judge erred by failing to consider the force of Rice's assertion of his right." (Objections, ECF No. 21, PageID 1994). The Magistrate Judge agrees that *Barker* distinguishes between *pro forma* and forceful assertion of the speedy trial right. But the Report does treat this point by accepting dissenting Judge Cunningham's observation that the motion to dismiss was not a *pro forma*, last-minute, maneuver (ECF No. 17, PageID 1975-76),

**The Fourth Factor: Prejudice from the Delay**

Courts are to assess the fourth *Barker* factor, prejudice resulting from the delay, "in light of the interests the speedy trial right was designed to protect," including preventing oppressive pretrial incarceration, minimizing the accused's anxiety, and limiting the possibility that the passage of time will impair the accused's ability to mount a defense." *Rice*, 2015-Ohio-5481 at ¶ 28, quoting *Barker*, 407 U.S. at 532.

In the First District, the only prejudice Rice claimed was that he lost the chance to serve his sentence for this home invasion conviction concurrently with a sentence he was already serving on a conviction in Butler County. The First District rejected this claim, noting that the Supreme Court authority relied on, *Smith v. Hooey*, 393 U.S. 374 (1969), counted the loss of a chance at concurrent sentences as "one of many circumstances" the Supreme Court had relied on, whereas

3

Rice relied on this fact alone to show prejudice. The Report concluded this was not an objectively unreasonable application of *Barker* in light of *Smith*. The Report also noted this home invasion offense was completely separate from the drug and weapons offenses for which he was serving time out of Butler County (Report, ECF No. 17, PageID 1978).

Petitioner's Objections merely cite *Smith v. Hooey* without discussing the First District's thorough analysis of the weight of that case (ECF No. 21, PageID 1995). Arguing prejudice from loss of the concurrent sentence possibility, Petitioner cites the presumption of concurrent sentences under Ohio law provided in Ohio Revised Code § 2929.14(C). But that presumption applies to multiple sentences imposed in the same case. Here the sentences were for different offenses committed at different times in different counties. Ohio law provides no presumption of concurrent sentences under those circumstances.

In addition to prejudice from loss of the possibility of concurrent sentences, Rice now asserts in his Objections that he was prejudiced by the loss of evidence during the time he was awaiting trial (Objections, ECF No. 21, PageID 1996). The Report found that the only prejudice Rice claimed in the Ohio courts was the loss of the possibility of concurrent sentences (Report, ECF No. 17, PageID 1977, citing Rice, supra, at ¶ 33). Rice now points to no place in the state court proceedings where he made a claim of prejudice from the loss of evidence. Any claim of prejudice from the loss of evidence is forfeited by failing to raise it in the state courts. Alternatively, if Rice did raise this claim in the state courts, he failed to raise it in his pleadings here and it is forfeited on that basis.

**Balancing**

>   *Barker* also held
>
> > [N]one of the four factors identified above [is] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.

407 U.S. at 533. When the Supreme Court prescribes a balancing test for determining whether a constitutional right has been violated without prescribing what weight must be given to any particular factor, it necessarily commits a fair amount of discretion to the court which must do the weighing. That is, weighing is a less exact process than deciding in a binary fashion whether a fact has or has not been proven. Here the First District in a lengthy opinion[1] by Judge Patrick Fischer considered all four *Barker* factors and gave cogent reasons why they favored one side or the other and how much they weighed on the speedy trial question.

Because AEDPA permits granting the writ only when the state court acts unreasonably, the more general the rule at issue – and thus the greater the potential for reasoned disagreement among fair-minded judges - the more leeway state courts have in reaching outcomes in case-by-case determinations. *Renico v. Lett,* 559 U.S. 766 (2010), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity." *Id.*

The Supreme Court has recently summarized the standard for review of a state court decision under 28 U.S.C. § 2254(d)(1):

---

[1] The depth of the discussion contrasts markedly with the previously all-too-common summary decisions from the First District which summarily disposed of appeals on that court's accelerated calendar.

> [The § 2254(d)(1) standard is difficult to meet.] *Metrish v. Lancaster*, 569 U. S. ___, ___, 133 S. Ct. 1781, 185 L. Ed. 2d 988, 996 (2013). "'[C]learly established Federal law'" for purposes of §2254(d)(1) includes only "'the holdings, as opposed to the dicta, of this Court's decisions.'" *Howes v. Fields*, 565 U. S. ___, ___, 132 S. Ct. 1181, 182 L. Ed. 2d 17, 25 (2012) (quoting *Williams v. Taylor*, 529 U. S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). And an "unreasonable application of" those holdings must be "'objectively unreasonable,'" not merely wrong; even "clear error" will not suffice. *Lockyer v. Andrade,* 538 U. S. 63, 75-76, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U. S. ___, ___, 131 S. Ct. 770, 178 L. Ed. 2d 624, 641 (2011).

*White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 188 L. Ed. 2d 698 (2014).

Because the First District's application of *Barker* is not objectively unreasonable, the Magistrate Judge adheres to his prior recommendation that the Petition be dismissed.

**Respondent's Objections**

Respondent objects to the Report's recommendation that Rice be granted a certificate of appealability (Objection, ECF No. 20). The Report found that Judge Cunningham's dissent in the First District was well-reasoned and supported the conclusion that upholding the majority decision would be debatable among jurists of reason (Report, ECF No. 17, PageID 1979).

Because *Barker* adopts a weighing test, it is not surprising that appellate judges might disagree on the weight to be given to each of the factors as the evidence presents itself in a given case. Judge Cunningham's dissent is not *pro forma*. It discusses the relevant factors and does not import into the case any matter which is irrelevant. While the Magistrate Judge continues to

believe the majority opinion is well within the AEDPA standard, i.e., it is not objectively unreasonable, that does not make it undebatable. On that basis, the Magistrate Judge adheres to his prior conclusion that Rice should be granted a certificate of appealability if the Court adopts the recommendation on the merits.

**Conclusion**

Having reconsidered the Report in light of the Objections, the Magistrate Judge adheres to his prior recommendations: the Petition should be dismissed but Rice should be allowed an appeal to the Sixth Circuit.

October 5, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).