# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JAMES RICE, | : | Case No. 1:17-cv-293 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Michael R. Merz |
| | : | |
| CHAE HARRIS, Warden, | : | |
| Chillicothe Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION (Doc. 17) AND THE SUPPLEMENTAL REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 23) AND TERMINATING THIS CASE IN THIS COURT

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Michael R. Merz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on June 15, 2018, submitted a Report and Recommendation (the "R&R"). (Doc. 17). Respondent Warden filed an objection to the R&R on July 19, 2018. (Doc. 20). Petitioner James Rice filed an objection on July 20, 2018. (Doc. 21). On October 5, 2018, the Magistrate Judge submitted a Supplemental Report and Recommendation (the "Supplemental R&R") analyzing Respondent's and Petitioner's objections. (Doc. 23). Respondent filed another objection to the Supplemental R&R on October 12, 2018. (Doc. 24). Petitioner filed another objection to the Supplemental R&R on October 19, 2018. (Doc. 25). Respondent filed a response to Petitioner's objection to the Supplemental R&R on November 1, 2018. (Doc. 26)

1

Respondent's and Petitioner's objections are not well-taken. After reviewing both the R&R, Supplemental R&R, and Respondent's and Petitioner's objections, the Court finds that the Magistrate Judge's findings in the R&R and Supplemental R&R should be adopted. The Court will address Petitioner's and Respondent's objections, respectively.

1. **Petitioner's Objection**

Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 on speedy trial grounds. The parties agree that *Barker v. Wingo*, 407 U.S. 514 (1972), is the controlling precedent. The four *Barker* factors to be assessed are (1) length of delay, (2) reasons for delay, (3) defendant's assertion of his speedy trial rights, and (4) prejudice to defendant. *Barker*, 407 U.S. at 523, 530–31, 533. Petitioner agrees with the Ohio First District Court of Appeals' finding that the first two factors weighed slightly in his favor, but argues that the First District erred in finding that the third and fourth factors weighed against the Petitioner.

Petitioner was arrested on August 19, 2014 and filed a motion to dismiss on speedy trial grounds on December 1, 2014. The First District found Petitioner bore some responsibility for the delay in filing and weighed the third factor slightly against him. Petitioner contends that the First District was objectively unreasonable for weighing this factor against him. (Doc. 21 at 4–6; Doc. 25 at 5–6). Petitioner argues that his approximately three-month delay was significantly less than the State's eighteen-month delay in charging and that the Magistrate Judge erred by failing to consider the force with which Petitioner asserted his right, in contrast to a *pro forma* assertion of rights.

First, the Magistrate Judge correctly notes that the State's delay is considered separately of the Petitioner's delay and the First District cogently reasoned that the third factor weighs against Petitioner. Second, the Supplemental R&R notes that the Magistrate Judge did consider Petitioner's forceful assertion of his speedy trial rights in recognizing Judge Cunningham's dissent to the First District's majority opinion. (Doc. 23 at 3). The Court agrees with the R&R and Supplemental R&R that it was not objectively unreasonable for the First District to find that Petitioner's delay in assertion of his speedy trial rights weighed against Petitioner.

On the fourth factor, Petitioner argues that he was prejudiced (1) from loss of possibility of concurrent sentences and (2) by the loss of evidence during the time he was awaiting trial. (Doc. 21 at 6–8; Doc. 25 at 7–8).

First, in *Smith v. Hooey*, 393 U.S. 374 (1969), the Supreme Court found that the loss of chance at concurrent sentences could be considered to demonstrate prejudice. However, in that case the Supreme Court considered the loss of chance at concurrent sentences along with many factors to show prejudice. The Court agrees with the Magistrate Judge that the First District was not objectively unreasonable in finding that the loss of possibility of concurrent sentences did not significantly prejudice Petitioner and therefore weighed this factor against him. Second, although the First District considered the loss of evidence (Doc. 4 at PAGEID # 140), the Supplemental R&R accurately notes that Petitioner forfeited this argument by failing to raise it in his pleadings. (Doc. 23 at 4). The Court finds that the First District was not objectively unreasonable in weighing the fourth factor against Petitioner.

The Court agrees with the Magistrate Judge's finding that the First District offered a lengthy opinion explaining their balancing of the *Barker* factors and did not act objectively unreasonably. Accordingly, the Court finds that the Petition should be dismissed.

2. **Respondent's Objection**

Respondent agrees with the Magistrate Judge's recommendation that the petition be dismissed, but objects to the R&R's and Supplemental R&R's recommendation that Petitioner be granted a certificate of appealability. In recommending the issuance of a certificate of appealability, the Magistrate Judge found that Judge Cunningham of the First District provided a well-reasoned and supported dissent. (Doc. 17 at 16; Doc. 23 at 6–7). The dissent demonstrates that upholding the First District's decision that Petitioner's right to a speedy trial had not been violated would be debatable among jurists of reason. Respondent argues that reasonable jurists would not debate the correctness of the Magistrate Judge's conclusion that Petitioner is not entitled to federal habeas relief. (Doc. 24 at 6). However, the Court agrees with the Magistrate Judge that, even though the First District's majority opinion is not objectively unreasonable, "that does not make it undebatable." (Doc. 23 at 7). Accordingly, the Court finds that a certificate of appealability shall issue.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the R&R (Doc. 17) and Supplemental R&R (Doc. 23) should be and are

hereby **ADOPTED** in their entirety. Accordingly, for the reasons stated above, **IT IS ORDERED** that:

1) Petitioner's petition for writ of *habeas corpus* (Doc. 1) is **DISMISSED with prejudice.**

2) A certificate of appealability shall issue. Under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* at 475 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

1) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED**.

Date: 12/11/18

Timothy S. Black
United States District Judge